UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAUL URBANIAK, et al,

                              Plaintiffs,

          v.                              05-cv-1408 (lead case)
                                          06-cv-883
SHORELINE CRUISES, INC. et al,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MATTER OF THE LAKE GEORGE STEAMBOAT
COMPANY,                                  06-cv-883

                              Petitioner

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

### DECISION and ORDER

**I.     BACKGROUND**

          In October 2005, the Ethan Allan (operated by Shoreline Cruise, Inc.) sank in Lake

George.  Various lawsuits were commenced concerning this sinking.  Some of the lawsuits

allege that the wake of the Mohican (the boat owned by the Petitioner Lake George

Steamboat Company) caused the Ethan Allan to capsize.  The Lake George Steamboat

Company commenced this action pursuant to the Limitation Act, 46 U.S.C. § 181, et seq.

The Lake George Steamboat Company now moves for an order appraising the value of the

Mohican, directing the Lake George Steamboat Company to deposit a bond or undertaking in

an amount equal to the value of the Mohican, directing and managing notice to persons who

may claim loss or damage arising out of the sinking of the Ethan Allan, and restraining any

further actions against the Lake George Steamboat Company arising out of the sinking of the

Ethan Allan.  Shoreline Cruise (the owner of the Ethan Allen) and Richard Paris (the captain

of the Ethan Allan) move to dismiss the Limitation Act claim for lack of subject matter

jurisdiction.  This matter came to be heard by the Court at oral argument in Albany, New York

on October 10, 2006.  After affording the parties an opportunity to be heard, the Court issued

its decision from the bench.  The following written opinion, together with the Court's bench

decision, constitute the Order of the Court with respect to the pending motion.

## II.      DISCUSSION

The Lake George Steamboat Company brings this action pursuant to the Limitation

Act, 46 U.S.C. § 181, et seq., which "allows a vessel owner to limit liability for damage or

injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the

owner's interest in the vessel."  Lewis v. Lewis & Clark Marine, Inc., 121 S. Ct. 993, 1000

(2001).  Under the Limitation Act, a vessel owner seeking limitation of liability must file a

petition.  The Court then oversees an appraisal of the vessel's value and

> secures the value of the vessel or owner's interest, marshals claims, and
> enjoins the prosecution of other actions with respect to the claims.  In
> these proceedings, the court, sitting without a jury, adjudicates the claims.
> The court determines whether the vessel owner is liable and whether the
> owner may limit liability.  The court then determines the validity of the
> claims, and if liability is limited, distributes the limited fund among the
> claimants.

Lewis, 121 S. Ct. at 1001.

The Limitation Act only applies with respect to matters arising on navigable waters

of the United States.  This case presents the question of whether Lake George is a navigable

water of the United States within the meaning of the Limitation Act.  The parties agree that

the Limitation Act applies only to the navigable waters of the United States, but disagree

whether Lake George constitutes navigable waters of the United States.

As the Supreme Court has stated, "[t]he power vested in the general government to

regulate interstate and foreign commerce involves the control of the waters of the United

States which are navigable in fact, so far as it may be necessary to insure their free

navigation, when by themselves or their connection with other waters they form a continuous

channel for commerce among the states or with foreign countries." Escanaba & Lake

Michigan Transp. Co. v. City of Chicago, 2 S. Ct. 185 (1883).  In The Daniel Ball, 77 U.S. 557

(1870), the Supreme Court stated as follows:

> [Waters] are navigable in fact when they are used, or are susceptible of
> being used, in their ordinary condition, as highways for commerce, over
> which trade and travel are or may be conducted in the customary modes
> of trade and travel on water.  And they constitute navigable waters of the
> United States within the meaning of the acts of Congress, in
> contradistinction from the navigable waters of the States, when they form
> in their ordinary condition by themselves, or by uniting with other waters, a
> continued highway over which commerce is or may be carried on with
> other States or foreign countries in the customary modes in which such
> commerce is conducted by water.

The parties have provided little evidence concerning Lake George and its ability to

be navigated.  It was not until Shoreline Cruise and Richard Paris moved to dismiss the

instant action for lack of subject matter jurisdiction that the Court was presented with any

evidence, admissible in form, concerning the navigability of Lake George.

Lake George is not a closed basin.  It receives its water from precipitation and

springs.  The water flows out of Lake George via La Chute River into Lake Champlain, the

Saint Lawrence Seaway, and, ultimately, the Atlantic Ocean.  Zoli aff. at ¶ 13.  As noted,

there is a passageway known as La Chute River, extending between Lake George and Lake

Champlain.  Thus, one might easily conclude that Lake George is, indeed, navigable because the water flows from New York into Vermont.  However, the relevant inquiry is not whether water flows from Lake George into Lake Champlain, but whether commerce can be conducted from New York into Vermont via La Chute River.

As the affidavit of Theodore Zoli, a licensed United States Coast Guard captain, attests, La Chute River consists of, among other things, a series of six waterfalls and many rapids, and drops approximately 230 feet in its 3.5 mile course.  Zoli Aff. at ¶ 7.  There also is a series of dams constructed on La Chute River.  See Zoli aff. at ¶ 9; see also People v. Systems Properties, Inc., 281 A.D. 433, 437 (3d Dep't 1953), modified and affirmed, 2 N.Y.2d 330 (1957) (striking the finding that La Chute River is navigable).  Zoli further notes that "[t]he 'Chute' is not navigable for most of its distance, dropping several hundred feet as it winds its way through the present day Village of Ticonderoga, over a series of tall water falls. . . ."  Id.  The location of the sinking of the Ethan Allan was in Lake George which is "separated from Lake Champlain, and therefore from any interstate or international waterway, by numerous impassable rapids, falls, and artificial dams."  Zoli aff. at ¶ 14.  There is some indication in the literature, which is not in the record in this case, that, historically, persons attempting to negotiate their way from Lake George to Lake Champlain would have to take their boats out of the water to get around the falls.  The use of a portage, however, does not render otherwise non-navigable waters navigable.  See LeBlanc v. Cleveland, 198 F.3d 353, 360 (2d Cir. 1999).  The evidence submitted by Shoreline Cruise and Richard Paris, which has not been contradicted by the Lake George Steamboat Company, clearly demonstrates that Lake George does not unite with other waters to create a continued

highway over which commerce is or may be carried on with other States or foreign countries in the customary modes in which such commerce is conducted by water.

In at least one situation, Congress has expressly declared that Lake George is non-navigable.  See 33 U.S.C. § 59m.  That statute provides that, for purposes of 33 U.S.C. § 403, relating to the obstruction of navigable waterways, Lake George is declared as non-navigable and, therefore, outside of § 403's scope.  Of course, we are now dealing with Title 46 of the United States Code; not Section 403 of Title 33.  The Lake George Steamboat Company cites 33 C.F.R. § 329 for a purported definition of what constitutes a navigable water of the United States.  By its own words, however, that definition pertains to "authorities of the Corps of Engineers.  It also prescribes the policy, practice and procedure to be used in determining the extent of the jurisdiction of the Corps of Engineers and in answering inquiries concerning "navigable waters of the United States.'"  The Lake George Steamboat Company has failed to explain why that definition should apply to the Limitation Act.  This case does not pertain to the Corps of Engineers.

The Lake George Steamboat Company also cites to People v. Systems Properties, Inc., 281 A.D. 433, a New York state case whereby the Appellate Division found that Lake George was a navigable water.  As an initial matter, the Court notes that, on appeal, the New York Court of Appeals held that "a decision on navigability is in this situation neither necessary nor appropriate."  People v. System Properties, Inc., 2 N.Y.2d 330, 343 (1957).  The Court of Appeals, therefore, struck the finding that the La Chute River was navigable.  Thus, any holding by the Appellate Division in that case is, at best, *dicta*.  In any event, the Appellate Division's opinion in System Properties noted the difficulties in navigating La Chute

River because of the damns and natural cascades on the river.  The Appellate Division noted that

> at an early, undetermined time one of the channels of the Natural Dam was deepened by the removal of a small quantity of rock and thereafter passage from Lake George into the Ticonderoga River was concededly possible.  There is a dispute as to whether such passage was possible before the dynamiting but the early records in evidence establish that it was.  There is a reference to a portage during the Revolutionary War from a point in the river near the Upper Falls to a point below the Lower Falls. This was obviously before there was any dynamiting and before any dam had been built.  Furthermore, even if a slight deepening of the channel at Natural Dam was required in order to make it possible to proceed by boat from Lake George into the river, the river was navigable in fact under the modern test of navigability promulgated by the United States Supreme Court.

Systems Properties, at 442-43.  The Appellate Division concluded that La Chute River, which it called the Ticonderoga River, is navigable.

Although the number of federal cases on this issue are few, the vast majority of them conclude that historical navigability is not the relevant inquiry.  Rather, the question is one of contemporary navigability.  See In re Three Buoys Housebouta Vacations U.S.A. Ltd., 921 F.2d 775, 778-778 (8th Cir. 1990); Alford v. Appalachian Power Co., 951 F.2d 30, 33 (4th Cir. 1991); In re Bernstein, 81 F. Supp.2d 176 (D. Mass. 1999).  Indeed, the Second Circuit in LeBlanc v. Cleveland, 198 F.3d 353, 359 (2d Cir. 1999), clearly held that "a waterway at the situs in issue is navigable for jurisdictional purposes if it is presently used, or is presently capable of being used, as an interstate highway for commercial trade or travel in the customary modes of travel on water.  Natural and artificial obstructions that effectively prohibit such commerce defeat admiralty jurisdiction."  For this reason, the Court must reject the holding in System Properties, which was based on a historical, rather than contemporary, analysis.

Lastly, the Lake George Steamboat Company also points to <u>Reading v. Crow's Nest IIA</u>, 169 F. Supp. 165 (N.D.N.Y. 1958), a case in which a judge of this District applied the Limitation Act to an accident on Lake George.  That case, however, contains no analysis regarding whether the Limitation Act applies to Lake George or whether Lake George is a navigable water.  Indeed, Judge Foley, the Judge in the <u>Reading</u> case, later indicated that there had been no objection to jurisdiction in the <u>Reading</u> case, and, thus, it was not considered.  <u>See</u> <u>Petition of Madsen</u>, 187 F. Supp. 411, 414 (N.D.N.Y 1960) ("In some instances, objection to jurisdiction on this ground is not made in a limitation proceeding. None was made in The Crow's Nest IIA, supra, where the accident happened on Lake George. . . .").  In <u>Madsen</u>, however, Judge Foley clearly recognized that the Limitations Act applies only to the navigable waters of the United States and not to just any body of water. Relying on the holding of the Appellate Division in <u>System Properties</u> , Judge Foley stated in <u>Madsen</u> that "there is reasoned judicial writing in New York that the Ticonderoga River is a navigable outlet to Lake Champlain."  Of course, this statement in <u>Madsen</u>, which case concerned whether Lake Pleasant in Hamilton County was navigable, is *dicta* with respect to whether Lake George is navigable.  For the reasons previously discussed, reliance on the Appellate Division's opinion in <u>System Properties</u> was improper.  Furthermore, based on the uncontradicted affidavit of Theodore Zoli, also discussed above, it is abundantly clear that Lake George is not navigable to Lake Champlain via the La Chute, or Ticonderoga, River. This Court, therefore, views <u>Reading</u> to be of little precedential value with respect to the navigability of Lake George.

The <u>LeBlanc</u> case clearly sets forth the applicable rule; that is, the test of contemporary navigability.  The Lake George Steamboat Company has not presented any

evidence concerning the contemporary navigability of Lake George.  There are no factual allegations in the Complaint supporting navigability, other than Lake George Steamboat Company's conclusory allegation that Lake George is a navigable water of the United States. The burden is on the Lake George Steamboat Company to demonstrate that it falls within the protection of the Limitation Act.  The Lake George Steamboat Company has failed to demonstrate that Lake George is a navigable water.  Shoreline Cruise and Richard Paris, on the other hand, have submitted competent evidence clearly demonstrating that it is impossible to conduct commerce from Lake George to Lake Champlain via La Chute River.

## III.      CONCLUSION

For the foregoing reasons, the Lake George Steamboat Company's petition for relief under the Limitation Act [dkt. no. 71] is DENIED and Shoreline Cruise and Richard Paris's motion to dismiss for lack of subject matter jurisdiction [dkt. no. 90] is GRANTED. Because Lake George is not a navigable waterway of the United States, the Court lacks admiralty jurisdiction and this action, 06-cv-883, must be dismissed.  The Clerk of the Court shall close the file in matter number 06-cv-883.

IT IS SO ORDERED.

Dated:October 13,2006

Thomas J. McAvoy
Senior, U.S. District Judge